UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TD BANK, N.A.                              :
                                           :
        v.                                 :        C.A. No. 12-647S
                                           :
NICHOLAS E. CAMBIO,                        :
VINCENT A. CAMBIO,                         :
LINDA J. MALAFRONTE, solely in her         :
capacity as Co-Executrix of the            :
ESTATE OF RONEY A. MALAFRONTE,  :
and ROBIN PELLECCIONE, solely in her  :
capacity as Co-Executrix of the            :
ESTATE OF RONEY A. MALAFRONTE,  :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


        Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Defendants' Motion to Dismiss.  (Document No. 12).  Plaintiff filed an Objection. (Document No. 15).  A hearing was held on January 2, 2013.  After reviewing the parties' submissions, listening to the arguments of counsel and reviewing relevant legal research, I recommend that Defendants' Motion to Dismiss be DENIED.

        **Background**

        On August 31, 2006, Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte executed a Guaranty Agreement in favor of TD Bank, N.A. ("TD Bank") which guaranteed two Promissory Notes from Commerce Park Realty 2, LLC ("CPR") to TD Bank.  (Document No. 1, ¶ 8).  The first Promissory Note was in the original principal amount of $1,580,000.00, and the second Promissory Note was in the original principal amount of $6,020,000.00.  (Document No. 1, ¶ 8;

Document No. 1-2).  The Guarantors "unconditionally and irrevocably" guaranteed the "punctual payment when due" of all principal, interest and other amounts due on the loan.  The Guaranty states that it is a "continuing guaranty of payment and not a guaranty of collection."  (Document No. 1-2, p. 3).  The Guaranty also states:

> This Guaranty is binding not only on Guarantor, but also on Guarantor's heirs, personal representatives, successors and assigns. Upon the death of Guarantor, if the Guarantor is a natural person, this Guaranty shall continue against the Guarantor's estate as to all of the Guaranteed Obligations, including that portion incurred or arising after the death of Guarantor and shall be provable in full against Guarantor's estate, whether or not the Guaranteed Obligations are then due and payable.

(Document No. 1-2, p. 13).

Roney A. Malafronte died in 2006.  (Document No. 1, ¶ 15).  Both Promissory Notes were later amended and restated on June 30, 2009 as follows: (a) the Promissory Note in the original principal amount of $1,580,000.00 was amended by an Amended and Restated Note in the amount of $115,000.00; and (b) the Promissory Note in the original principal amount of $6,020,000.00 was amended by an Amended and Restated Note in the amount of $1,100,000.00.  (Document No. 1, ¶ 11).  The Guaranty was not affected by the modifications because the Guaranty states that the Guarantor's obligations are not "released, diminished, impaired, reduced or affected by...any renewal, extension [or] modification" of the Notes.  Id. ¶ 12.

Additionally, on June 17, 2009, just prior to the loan modification, Nicholas E. Cambio and Vincent A. Cambio executed a Consent and Agreement of Guarantors whereby they agreed "that the payments and performance of the Borrower's obligations under the [Notes], as amended...are guaranteed by and covered under the Guaranty...."  (Document No. 1, ¶ 13; Document No. 1-3).  The

Guaranty states that Defendants are jointly and severally liable for amounts due per the Guaranty. (Document No. 1, ¶ 14).

CPR defaulted on the Notes, as the Notes both matured on July 30, 2010, and the entire principal balance, all accrued and unpaid interest and all other amounts payable per the Notes became due and payable on that date. Id. ¶ 16.  CPR failed to make its maturity payment and filed for Bankruptcy on January 3, 2012. Id.  The total amounts due on the loans is at least $1,275,835.00 plus interest, costs and fees. Id. ¶ 17.

On September 12, 2012, Plaintiff commenced this action to enforce the Guaranty Agreement against Defendants for the alleged breach of a promissory note.  Defendants Linda J. Malafronte and Robin Pelleccione in their capacity as Co-executrixes of the Estate of Roney A. Malafronte moved to dismiss under Rule 12(b)(6) arguing that Plaintiff's right to recover against Mr. Malafronte's Estate is barred by the limitations period set forth in R.I. Gen. Laws § 9-1-21. (Document No. 12). Plaintiff, on the other hand, contends that the statute is inapplicable in this case and that the Guaranty is binding upon the estate.  (Document No. 15).

### A.    Dismissal Standard

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v.Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1ˢᵗ Cir. 2008) (quoting Twombly, 550 U.S. at 559).  See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1ˢᵗ Cir. 2010).

**B.    Discussion**

Defendants allege that this action is barred by a three-year limitations period contained in R.I. Gen. Laws § 9-1-21.  Section 9-1-21, R.I. Gen. Laws states:

> If any person, for or against whom any causes of action enumerated in this chapter accrue, dies before the time limited for bringing action, or within sixty (60) days after the expiration of that time, and the cause of action survives, the action may be commenced by or against the executor or administrator of the deceased person, as the case may be, at any time not more than one year after the appointment of the executor or administrator of the person so dying, and not afterwards, if barred by the provisions of this chapter; provided, however, that any such action shall be brought within three (3) years after the death of the person and not after.

Defendants characterize Section 9-1-21 as a statute of repose which "terminates an action after a specific period of time not related to the injury or cause of action."  (Document No. 12, p. 7). Defendants correctly point out that in a footnote in Umsted v. Umsted, 446 F.3d 17, fn. 4 (1ˢᵗ Cir.

2006), the First Circuit described R.I. Gen. Laws § 9-1-21 as a "statute of repose," and indicated that a statute of repose "terminates an action after a specific period of time not related to the injury or cause of action."

Defendants contend that, in order to be timely, Plaintiff's claim on the Guaranty must have been brought by December 15, 2009, which is within three years after the death of Mr. Malafronte on December 15, 2006.   Defendants go on to argue that since the language of Section 9-1-21 "serves to extinguish Plaintiff's claim, as opposed to merely effecting its remedy, and may not be waived, nothing in the Guaranty has the capacity to afford Plaintiff a right of action against Defendants at this time."  (Document No. 12, p. 8).

One of the principal areas of dispute between the parties is the import of the 1984 amendment to Section 9-1-21.  Prior to 1984, the statute permitted the initiation of a claim by or against the executor or administrator within one year of the date of death of the decedent.  The pre-1984 version of the statute did not contain the three-year limitations period contained in the last clause of the current version.  The 1984 amendment included two changes: first, the one-year time period began to run from the date of appointment of the executor or administrator, rather than the date of the decedent's death.  Second, the clause requiring that any "such action" be commenced within three years of the death of the decedent was added for the first time.[1]

Defendants note that the case law relied upon by Plaintiff predates this amendment and that only the <u>Umsted</u> Court has considered the language of the statute after the three-year limitation clause was added.  Accordingly, Defendants contend that this Court should disregard the pre-1984 Rhode Island state cases that analyzed Section 9-1-21 and that it is bound by the holding in <u>Umsted</u>.

---

[1]  The statute was also amended in 1997, but that amendment did not result in any material changes to the statute, for purposes of this case.

Defendants' reading of the statute and existing case law misses the mark.  With respect to the language of the statute itself, the first portion of Section 9-1-21 plainly provides that it applies to claims that accrue before the death of the decedent or within 60 days after the date of death.  See, e.g., Prior v. Roger Williams Gen. Hosp., No. C.A. 75-2778, 1976 WL 177108 at *1 (R.I. Sup. Ct., April 13, 1976); Borges v. Cory, 78 R.I. 425, 428 (1951); MacNeill v. Gallagher, 24 R.I. 490 (1902).

> The Rhode Island Supreme Court has explained...that [Section 9-1-21] applies only in those actions which accrue before the death of the decedent or within sixty (60) days thereafter but which may become barred by the general statute of limitations within one year from the death of the decedent. If the action would not be barred by the general statute of limitations within one year from the death of the decedent, the statute does not apply.

Prior, 1976 WL 177108 *1 (emphasis in original).  The Prior Court went on to state that:

> The Supreme Court has made clear in MacNeill and Borges,...that § 9-1-21 is a special statute which enlarges the time for bringing suit whenever the limitations period provided for in the general statute has run out during the one-year period following the death of the person for whom the cause of action has accrued. It is not meant to cut down the general statute of limitations period for actions which have survived the decedent.

Id. Though these cases pre-date the 1984 amendment, the first portion of the statute remains essentially the same, except that the triggering event for the running of the one-year limitations period was changed from the death of the decedent to the appointment of the executor or administrator.  Thus, the pre-1984 Rhode Island State cases interpreting the statute's reach are still good law.

Moreover, by its plain language, Section 9-1-21 does not apply to this case since this is not a case where the decedent died "before the time limited for bringing action, or within sixty (60) days after the expiration of [that] time."  Id.  In the present case, Mr. Malafronte died in 2006, and the

alleged injury to Plaintiff did not occur until July 30, 2010, when CPR defaulted, at which point Plaintiff's claim on the Guaranty accrued and the general statute of limitations began to run. Thus, the only potential applicability of Section 9-1-21 to this situation would be if it did, in fact, create an absolute statute of repose that dictated that any claim against an estate was extinguished three years after the decedent's death regardless of when it accrued.

The final clause of the statute states, "provided, however, that any such action shall be brought within three (3) years after the death of the person and not after." This is the portion of the statute that Defendants claim acts as a statute of repose and extinguishes Plaintiff's claim against them. However, the Court agrees with Plaintiff that the phrase "such action" is limiting and refers back only to those actions described in the first part of Section 9-1-21. As noted, this case clearly does not fall within the statute's reach. Here, the Estate is still open, and the general statute of limitations is still open, so there is no need to apply the Section 9-1-21 exception to the general rule.

Moreover, Defendants' reliance on Umsted is misplaced, since Umsted is factually distinct and also because the Court of Appeals had no reason to thoroughly examine the statute given the facts in Umsted before referring to it as a "statute of repose" in dicta contained in a footnote. Umsted was an action brought by three siblings claiming that their deceased uncle had tortiously interfered with their expectation of an inheritance from their grandmother. Umsted, 446 F.3d at 19. Unlike this case, the Umsted plaintiffs' claims predated the death of their grandmother. Similarly, at the District Court level, the Court found that the claim for undue influence belonged to the estate of the grandmother, not her grandchildren, and therefore applied the limits contained in Section 9-1-21. Id. at 21. The application of Umsted to this case also fails because it undermines public policy considerations. While Defendants point out that one of the goals of probate is to secure the speedy

and orderly administration of estates, there are countervailing considerations in this case, since Mr. Malafronte entered into a guaranty contract prior to his death which clearly expressed his intent to bind himself as well as his heirs and Estate, and Plaintiff relied upon the Guaranty in its lending decision.  As noted, in this particular case, the Estate is still currently open and was open when the alleged default occurred.  Because the general statute of limitations applies in this case, the Section 9-1-21 exception is inapplicable, and Defendants' Motion to Dismiss this claim as untimely should be denied.

**CONCLUSION**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Document No. 12) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 26, 2013