```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                        )
TD Bank, N.A.,                          )
                                        )
       Plaintiff,                       )
                                        )
    v.                                )   C.A. No. 12-647 S
                                        )
NICHOLAS E. CAMBIO; VINCENT A.          )
CAMBIO; LINDA J. MALAFRONTE,            )
solely in her capacity as               )
Co-Executrix of the ESTATE OF           )
RONEY A. MALAFRONTE; and                )
ROBIN PELLECCIONE, solely in her        )
capacity as Co-Executrix of the         )
ESTATE OF RONEY A. MALAFRONTE,          )
                                        )
       Defendants.                      )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE
AND DENYING OBJECTION THERETO**

WILLIAM E. SMITH, United States District Judge.

    This matter is before the Court on Defendants' objection to Magistrate Judge Lincoln D. Almond's Report and Recommendation, dated March 26, 2013. (ECF No. 17.) Magistrate Judge Almond recommended that this Court deny Defendants' Motion to Dismiss. This Court's review of such objections is de novo. See Fed. R. Civ. P. 72(b)(3).

    Upon careful review of the Report and Recommendation, it is clear that Defendants' objection is without merit. Defendants press the same arguments and virtually the same case law as they

did before Magistrate Judge Almond. They insist that a 1984 amendment to R.I. Gen. Laws § 9-1-21 transformed that statute from a law meant in certain circumstances to provide more time for causes of action to be filed on behalf of or against estates, into a statute of repose cutting off liability for estates entirely after three years. In support of this position, Defendants emphasize First Circuit dicta in Umstead v. Umstead, 446 F.3d 17, 22 n.4 (1st Cir. 2006) and a brief passage in the Rhode Island Supreme Court decision in Hopp v. C.H.B. Dev. Corp., 669 A.2d 1152, 1155 (R.I. 1996). Defendants suggest that these cases show a change in the meaning of R.I. Gen. Laws § 9-1-21 after the 1984 amendment, thus obviating the importance of clear precedent interpreting the statute prior to that change.

In addition to the analysis articulated by Magistrate Judge Almond, which this Court adopts in its entirety, reliance on Umstead and Hopp to the extent urged by Defendants fails for another reason. Even after the 1984 amendments to the statute, the Rhode Island Supreme Court has viewed Section 9-1-21 as providing relief in the same circumstances as before the amendment. Compare Gregory v. DiCenzo, 713 A.2d 772, 774 (R.I. 1998), with MacNeill v. Gallagher, 24 R.I. 490, 490 (R.I. 1902). In Gregory, the plaintiff brought an action in September 1993 relating to a car crash that occurred in October 1990. Gregory,

2

713 A.2d at 773.  Unbeknownst to the plaintiff in that case, the defendant had passed away for unrelated reasons in August 1993 – a month before the lawsuit was filed.  Id.  The Rhode Island Supreme Court held that R.I. Gen. Laws § 9-1-21 applied in this case.  It reasoned:

> In cases wherein a party <u>for whom a cause of action has accrued</u> dies prior to the commencement of suit, § 9-1-21 provides that "the action may be commenced * * * at any time not more than one year after the appointment of the executor or administrator of the person so dying, and not afterwards."  It is undisputed that Guy was appointed executor of his late wife's estate on May 16, 1994.  Thus pursuant to § 9-1-21 Guy had until May 16, 1995, to commence this cause of action in the name of a proper party.  This commencement did not occur. Indeed, the motion to amend the complaint, seeking to substitute the executor as the proper party, was not made until April 12, 1996, eleven months after the expiration of the time period set forth in § 9-1-21.  Therefore, the trial justice was without authority to grant the motion to amend the complaint and substitute the executor as the proper party.  Accordingly the trial justice was correct in granting DiCenzo's motion for summary judgment.

Id. at 774 (emphasis added); see also In re Estate of Manchester, 66 A.3d 426, 429 (R.I. 2013) (describing Section 9-1-21 as a statute "which establishes a three year statute of limitations in actions that arose prior to a decedent's death" and noting that the Superior Court found this law to be "wholly inapplicable" to a case that arose after death).  Thus the Rhode Island Supreme Court clearly still views Section 9-1-21 as a

3

statute with application only to those actions that accrued before death or within 60 days of death.

This Court's ruling is not in conflict with the First Circuit's dicta in Umstead.  See Umstead, 446 F.3d at 22 n.4. R.I. Gen. Laws § 9-1-21 may properly be viewed as a statute of repose with respect to those situations it is meant to cover. The instant action is simply not within that class of actions encompassed by the statute.

The Report and Recommendation of Magistrate Judge Lincoln D. Almond, filed on March 26, 2013, is accepted pursuant to 28 U.S.C. § 636(b)(1).  Accordingly, Defendants' Objection is OVERRULED, and their Motion to Dismiss is DENIED.


IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date:  August 29, 2013