UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
TD Bank, N.A.,                         )
                                       )
         Plaintiff,                    )
     v.                                )   C.A. No. 12-647 S
                                       )
NICHOLAS E. CAMBIO;                    )
VINCENT A. CAMBIO;                     )
LINDA J. MALAFRONTE, solely in         )
her capacity as Co-Executrix           )
of the ESTATE OF                       )
RONEY A. MALAFRONTE; and               )
ROBIN PELLECCIONE, solely in her       )
capacity as Co-Executrix of the        )
ESTATE OF RONEY A. MALAFRONTE,         )
                                       )
         Defendants.                   )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on Plaintiff's motion to strike the jury demand of Defendants Linda J. Malafronte, solely in her capacity as Co-Executrix of the Estate of Roney A. Malafronte, and Robin Pelleccione, solely in her capacity as Co-Executrix of the Estate of Roney A. Malafronte (ECF No. 28). For the reasons set forth below, the motion is GRANTED.

I.  Background

A thorough recitation of the facts is unnecessary to decide this motion. Of chief importance, in August 2006, Roney A. Malafronte and others executed a Guaranty Agreement in favor of

TD Bank, N.A. ("TD Bank"). This Guaranty Agreement guaranteed two Promissory Notes from Commerce Park Realty 2, LLC to TD Bank. The Guaranty Agreement contains a jury trial waiver provision which provides:

> **GUARANTOR AND LENDOR WAIVE TRIAL BY JURY IN RESPECT OF ANY SUCH "DISPUTE" AND ANY ACTION ON SUCH "DISPUTE." THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY GUARANTOR AND LENDER, AND GUARANTOR AND LENDER HEREBY REPRESENT THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY PERSON OR ENTITY TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS EFFECT. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES ENTERING INTO THE LOAN DOCUMENTS.**

(Pl.'s Mem. in Supp. of Mot. to Strike Jury Claim, Ex. A § 24, ECF No. 28-1.)

TD Bank previously moved to strike the jury demands of the two other Defendants – Nicholas E. Cambio and Vincent A. Cambio – relying on this same provision in the Guaranty Agreement. The Court granted that motion. (Nov. 13, 2012 Text Order.)

II. Discussion

A party may waive its right to a jury trial. <u>Textron Fin. Corp. v. Ship & Sail, Inc.</u>, C.A. No. 09-617 ML, 2011 WL 344134, at *1 (D.R.I. Jan. 31, 2011). Such a waiver must be knowing and voluntary. <u>Id.</u> Still, "[t]here is a presumption against denying a jury trial based on waiver, and waivers must be strictly construed." <u>Med. Air Tech. Corp. v. Marwan Inv., Inc.</u>, 303 F.3d 11, 18 (1st Cir. 2002). To determine whether a waiver

has been effectuated, a court will typically "look to the plain language of the contract's jury waiver to determine whether it unambiguously covers the claims asserted." Id. at 19.

Here, despite Defendants' argument to the contrary, the plain language of the Guaranty Agreement unambiguously covers the claims at issue.  Specifically, it states that "**GUARANTOR AND LENDOR WAIVE TRIAL BY JURY IN RESPECT OF ANY SUCH 'DISPUTE' AND ANY ACTION ON SUCH 'DISPUTE.'**"  In an earlier portion of the Guaranty Agreement, "dispute" is defined as:

> any controversy, claim or dispute between or among the parties hereto, including any such controversy, claim or dispute arising out of or relating to (i) this Guaranty, (ii) any other Loan Document, (iii) any related agreements or instruments, or (iv) the transaction contemplated herein or therein (including any claim based on or arising from an alleged personal injury or business tort).

(Ex. A at § 22.)  Thus, the present lawsuit falls within the definition of dispute, which in turn implicates the jury trial waiver.

Faced with this clear language, Defendants argue that the waiver was not knowing and voluntary, or alternatively, the estate itself did not enter into the agreement and thus should not be bound by it.  Neither argument is persuasive.

The parties agree that whether a waiver is knowing and voluntary depends on the examination of six factors:  "(1) the [parties'] education, business experience, and sophistication;

3

(2) the parties' respective roles in deciding the final terms of the arrangement; (3) the agreement's clarity; (4) the amount of time available to the plaintiff to study the agreement before acting on it; (5) whether the plaintiff had independent advice-such as the advice of counsel-when she signed the agreement; and (6) the nature of the consideration tendered in exchange for the waiver." Smart v. Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 181 n.3 (1st Cir. 1995).

Plaintiff notes, and Defendants do not dispute, that Roney A. Malafronte was a well-known businessman in Rhode Island. The amount of the promissory notes guaranteed by him – in excess of $6 million – speaks to his business acumen and sophistication. In addition, the jury waiver provision in the Guaranty Agreement was clear and applied equally to both parties to the agreement. Finally, the Guaranty Agreement states that Malafronte was either represented by counsel or had the time to consult counsel of his choice. (Ex. A at § 24.) These three factors establish that the waiver was knowing and voluntary.

Finally, that the estate itself never signed the agreement is of no matter. "In general, a contractual waiver binds only the parties who sign the contract." Med. Air Tech., 303 F.3d at 18. Here, however, the Guaranty Agreement provides that it is binding against the Guarantor, his heirs, successors and assigns. (Ex. A at § 9.) Furthermore, the Guaranty Agreement

4

states that if the Guarantor dies, the agreement continues against his estate. (Id.) Therefore, Roney A. Malafronte bound his estate to the Guaranty Agreement.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike the jury demand of Defendants Linda J. Malafronte, solely in her capacity as Co-Executrix of the Estate of Roney A. Malafronte, and Robin Pelleccione, solely in her capacity as Co-Executrix of the Estate of Roney A. Malafronte, is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  January 9, 2014